UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANCISCAN ST. MARGARET HEALTH<br>5454 Hohman Avenue<br>Hammond, IN  46320 | ) ) ) ) | |
| FRANCISCAN ST. ANTHONY<br>301 W. Homer Street<br>Michigan City, IN  46360 | ) ) ) ) | |
| Plaintiffs, | ) CASE NO:  1:18-cv-00002<br>) ) | |
| vs. | ) ) | |
| ERIC D. HARGAN<br>Acting Secretary of the United States Department<br>of Health and Human Services<br>Room 700-E<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201 | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR JUDICIAL REVIEW OF ADMINISTRATIVE REVIEW DISMISSAL,
DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF**

The Plaintiffs, by counsel, for their complaint against the Defendant, and appealing the

Provider Reimbursement Review Board's dismissal of their appeals allege and state:

**PARTIES AND RELEVANT AGENCIES**

1.     Plaintiffs are not-for-profit hospitals providing services certified under the

Medicare program, and at all relevant times, Plaintiffs were providers under Title XVIII of the

Social Security Act, 42 U.S.C. 1395 *et seq*., (Medicare Act).

2.     The Defendant, Eric Hargan, is the acting Secretary of the United States

Department of Health and Human Services (HHS)—the governmental agency responsible for

the Medicare program.

1

3.    The Centers for Medicare and Medicaid Services (CMS) administers the Medicare program by delegation from, and as agent of, the Secretary.

4.    The Medicare Administrative Contractor (MAC) is an organization that administers the Medicare program in an identified geographic area under contract with CMS pursuant to 42 U.S.C. § 1395h. For the Medicare appeal at issue, the MAC designated as the CMS representative was Wisconsin Physician Services, Inc.

5.    The Provider Reimbursement Review Board (PRRB) is an agency of HHS and acts as an administrative hearing body for Medicare reimbursement disputes between Medicare providers and MACs under 42 U.S.C. § 1395oo.

## JURISDICTION AND VENUE

6.    This action arises out of the PRRB's dismissal on jurisdictional grounds of a reimbursement dispute between the Plaintiffs, the MAC, and CMS. The PRRB granted the MAC's jurisdictional challenge: that Plaintiffs' appeals fell outside the scope of the Revised Notice of Program Reimbursement (RNPR) under appeal. The jurisdiction of this Court is founded upon 42 U.S.C. § 1395oo(f)(1) and 28 U.S.C. § 1331.

7.    Venue lies in the United States District Court for the District of Columbia under 42 U.S.C. § 1395oo(f)(1).

## THE DISPROPORTIONATE SHARE HOSPITAL PROGRAM (DSH)

8.    Congress mandates that CMS pay hospitals prospectively for inpatient services provided to Medicare beneficiaries. *See generally* 42 U.S.C. § 1395ww(d). Under this prospective payment system, hospitals are reimbursed for inpatient services based on the discharge diagnosis of the patient as coded into Diagnostic Related Groups (DRGs) established

by CMS under the Medicare program.

9.    Congress also mandates an upward adjustment to prospective payments for hospitals that serve a disproportionate number of low income patients.   42 U.S.C. § 1395ww(d)(5)(F). Congress intended this *Disproportionate Share Hospital* program (DSH) to "supplement the prospective payments of hospitals serving low-income persons." *Alhambra Hospital v. Thompson*, 259 F.3d 1071, 1075-1076 (9th Cir. 2001) (internal quotations omitted).

10.    Federal courts have long recognized that HHS has failed to implement the DSH program as mandated by Congress. In fact, in response to HHS's steadfast refusal to implement the DSH program this Court used its mandamus power to order HHS to do so. *Samaritan Health Ctr. v. Heckler,* 636 F. Supp. 503, (D.D.C. 1985).  HHS's resistance to complying with the Congressional mandate and order of this Court subsequently led this Court to strongly consider a contempt finding against HHS.  *See Samaritan Health Ctr. v. Bowen*, 646 F. Supp. 343, 345 – 347. (D.D.C. 1986).

11.    Court recognition of the Secretary's hostility to the DSH program continued as a series of Circuit Court decisions repudiated HHS's refusal to count "Medicaid eligible days" as mandated by 42 U.S.C. §  395ww(d)(5)(F)(vi)(II). *See Jewish Hosp., Inc. v. Secretary of Health & Human Servs.*, 19 F.3d 270, 276 (6th Cir. 1994) (noting "credible and compelling" evidence that HHS was "hostile to the concept of the disproportionate share adjustment" and suggesting that the Secretary "apparently intended to impede the implementation of the PPS framework); *Cabell Huntington Hosp. v. Shalala*, 101 F.3d 984, 990 (4th Cir. 1996) (condemning HHS's approach as an attempt to "rewrite the will of Congress" and accusing the agency of being "hostile from the start to the very idea of making the [DSH] payments at issue").

### DSH ELIGIBILITY DETERMINATION AND PAYMENT

12.  To be eligible for DSH payment, hospitals, in most cases, must meet a "disproportionate patient percentage" as defined by the Medicare statute. 42 U.S.C. § 1395ww(d)(5)(F)(v).

13.  The disproportionate patient percentage is determined by adding two statutorily defined fractions commonly called the "Medicare Fraction" and the "Medicaid Fraction."

14.  The Medicaid Fraction (expressed as a percentage) comprises a numerator which is the total inpatient days for a cost reporting period attributable to patients "eligible for assistance" under a State Medicaid plan during their inpatient care divided by a denominator which is the total number of hospital inpatient days for the relevant cost reporting period. 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II).

15.  The Medicare Fraction comprises a numerator which is the number of inpatient days made up of patients who were entitled to benefits under Part A of the Medicare statute and were entitled to supplemental security benefits (SSI) under the Social Security Act (SSI Days), divided by a denominator that is the total number of inpatient hospital days for patients eligible for benefits under Medicare Part A. 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).

16.  The substantive dispute in the Plaintiffs' appeal to the PRRB concerns the numerator of the Medicaid Fraction, and in particular, the determination of Medicaid days used in the Medicaid Fraction. Plaintiffs assert that the Secretary disallowed numerous dual-eligible days from inclusion in the numerator of the Medicaid Fraction, thus decreasing the Plaintiffs' reimbursement under the DSH program. Plaintiffs assert that the Medicaid Days were understated because CMS erroneously failed to allow all days in the determination of Medicaid Days for patients who were dually eligible for benefits under Medicare and Medicaid programs.

## THE PRRB'S DISMISSAL OF PLAINTIFFS' APPEALS

17.    Hospitals have "180 days after notice of the Secretary's final determination," to file an administrative appeal with the Provider Reimbursement Review Board. 42 U.S.C. § 1395oo(a)(3).

18.    Under the applicable regulations a "final determination" includes a Notice of Program Reimbursement (NPR) from a Provider's designated MAC or a Revised Notice of Program Reimbursement (RNPR) when the matters revised were specifically related to the appeal. 42 C.F.R. § 405.1889.

19.    The Plaintiffs timely filed this appeal with the PRRB within 180 days of the MAC's Revised Notice of Program Reimbursement. The appeal expressly challenged the failure of the CMS and the MAC "to properly include all Dual Eligible Days…in the numerator of the Medicare or Medicaid Fraction" when calculating the Plaintiffs' DSH program eligibility and payment.

20.    Under CMS regulations and PRRB rules, CMS is not directly a party to the PRRB appeal but is represented by its agent, the MAC. 42 C.F.R. § 405.1843(b). Thus, the MAC is the adverse party to the Plaintiff hospitals while the appeal is pending before the PRRB.

21.    PRRB rules require that the MAC file a letter within 30 days of the appeal filing with the PRRB advising the Board as to any challenges to Board jurisdiction. PRRB Rules, Rule 10.

22.    On September 26, 2017, the MAC submitted a "jurisdictional challenge" to the Board asserting this appeal was barred from administrative and judicial review. Plaintiffs responded to the arguments raised by the MAC in its jurisdictional challenge on October 27, 2017.

23.     On October 31, 2017 the PRRB issued a decision finding that it lacked jurisdiction over the Plaintiffs because they were appealing from RNPRs which did not "adjust the SSI Fraction Dual Eligible Days issue." The PRRB dismissed the Plaintiffs from the case.

24.     The PRRB claimed it lacked jurisdiction over the question because the "SSI fraction is a distinct component from the Medicaid component which was adjusted in the RNPRs under consideration in this case." The PRRB completely overlooked the fact that the Plaintiffs' appeal specifically includes an appeal on the issue of exclusion of all dual eligible days from the Medicaid Fraction. This determination was demonstrably incorrect and is the basis of this appeal.

25.     The RNPR specifically adjusted the Medicaid Fraction. On appeal, Plaintiffs raised the dual eligibility issue that impacts either the Medicare Fraction or the Medicaid Fraction. Plaintiffs therefore properly preserved and raised an issue "specifically related" to the revision in the RNPR and the PRRB has jurisdiction to consider this appeal. *See* 42 C.F.R. § 405.1889.

### STATEMENT OF AGENCY ERRORS

26.     The PRRB's dismissal of Plaintiffs was arbitrary and capricious and not in accord with the law.

**Therefore**, the Plaintiffs pray as follows:

A.      For an Opinion and Order of the Court finding that the PRRB erred in dismissing the Plaintiffs' appeal;

B.      For an Opinion and Order reinstating the Plaintiffs' appeal with the PRRB, allowing it to move forward separately for these Plaintiff hospitals;

C.      For all costs and attorney fees incurred herein; and

D.      For any and all other relief to which Plaintiffs is entitled.

6

Respectfully submitted,

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

/s/ N. Kent Smith
N. Kent Smith, Attorney No. 1777-49
Andrew B. Howk, Attorney No. 30694-49
500 N. Meridian Street, Suite 400
Indianapolis, IN  46204-1293
(317) 633-4884
*Attorneys for Plaintiffs, St. Margaret Health
and Franciscan St. Anthony*